Ruffin, Chief Justice.
 

 Both parts of the second objection taken for the prisoner, are in opposition to the cases of the
 
 State
 
 vs.
 
 Evans,
 
 1 Hay. Rep. 281, and of the
 
 State
 
 vs.
 
 Crawford, 2
 
 Dev. Rep. 425; which establish that the intent to disfigure is
 
 prima facie
 
 to be inferred from an act which does in fact disfigure, unless that presumption be repelled by evidence on the part of the accused of a different intent, or, at least, of the absence of the intent mentioned in the statute.
 

 Since those cases, which were decided on the act of 1791, the law has been further altered in a manner which closes up all opening for the other branch of this
 
 objection.
 
 Under the act of 1791, it was contended, not without some plausibility, that, as to cases' within the second section, the indictment must lay the acts to be of malice aforethought, as well as on purpose. We approve, indeed, of the contrary construction, which was adopted by the Court in those cases. But, still it was a point that counsel could then argue with a serious face, and in a way, to which the Legislature seems to have feared the Courts might, at some time, incautiously yield, un
 
 *123
 
 less the statute should be rendered more explicit on that point. Hence, ih revising the statutes, the opportunity was taken of placing the question beyond all cavil. In the “ Act concerning Crimes and Punishments,” 1 Rev. Stat. ch. 34, the 13th section relates to certain maims committed “ of malice aforethought;” and then in the 48th section, it is enacted that “ if any person shall, on purpose and unlawfully, but without malice aforethought, bite or cut off an ear,” cfcc. It is thus seen that those words «
 
 without malice
 
 aforethought,” which were not in the second section of the act of 1791, are,introduced into the revised act of 1837 — doubtless with the view of giving expressly to this latter act the same sense in which the former had been received by judicial construction. In other words, the Legislature approved of the interpretation adopted by the Courts, and meant to incorporate it as a distinct and express enactment of the statute.
 

 Upon the other point made on the trial, this Court also agrees in the opinion given to the jury. The object of the Legislature was to protect individuals from such injuries as disfigure, that is to say, alter and impair the natural personal appearance. Where, therefore, the injury reaches that extent, the case must be within the meaning of the act. Here, such is the case. For; although the ear be not entirely severed from the head, yet, certainly, enough was taken off to attract observation, and, to ordinary observation, to render the person less comely. Ih the opinion of this Court, therej fore, there is no error in the judgment.
 

 Per. Curiam. Judgment to be affirmed.